IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DAVID T. CARTER, #172055**                                              **PETITIONER**

**v.**                                  **CIVIL ACTION NO. 3:13CV701-TSL-JCG**

**WARDEN FRANK SHAW**                                            **RESPONDENT**

## REPORT AND RECOMMENDATIONS

BEFORE THE COURT is the Application of David T. Carter ["Petitioner"] for Writ of Habeas Corpus [1] pursuant to Title 28, United States Code, Section 2254, filed November 7, 2013.  On January 14, 2014, Warden Frank Shaw ["Respondent"], filed a Response [8] to the instant Petition.  Having considered the Petition, Response, pleadings, records on file, the arguments of the parties, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

PROCEDURAL HISTORY

In this habeas corpus petition, Carter challenges his 2011 conviction for murder and resultant sentence of life imprisonment.  Carter had been indicted on a charge of capital murder, but was allowed to plead guilty to the lesser crime of murder under Miss. Code Ann. § 97-3-19.  Carter filed a post-conviction motion in the trial court, claiming that his plea contract was defective; his guilty plea was involuntary; his sentence was illegal; and his trial lawyer was ineffective because he exhibited a lack of interest in representing Carter.  The motion was summarily denied by the trial court.  (*See* Order Denying Mot. For Post Conviction Relief, Feb.

27, 2012, S.R. Vol. I at 48, ECF No. 9-1).

Carter appealed the trial court's decision to the Mississippi Supreme Court. On June 18, 2013, the Mississippi Court of Appeals affirmed the trial court in *Carter v. State*, 115 So. 3d 900 (Miss. Ct. App. 2013). The Appeals Court reviewed the record and found that Carter had expressed an understanding of his decision to plead guilty and the maximum sentence that could result. *Id*. at 902. The appeals court further found that Carter's claim of an illegal sentence was based on "old statutory law" that did not apply to his sentence. *Id*. Finally, the court reviewed the transcripts of Carter's plea hearing and sentencing and noted that Carter had been fully informed of the consequences of his plea, and had acknowledged his satisfaction with his attorney's assistance. *Id*. at 903. Therefore, the claim for ineffective assistance of counsel did not satisfy the standard set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). After denial of his appeal, Carter took no further action on his request for post-conviction relief in the state courts. He did, however, file this federal habeas petition approximately five months later.

Carter's claims in this Court are identical to those in his state post-conviction proceedings. The Respondent argues that Carter may not obtain federal habeas review of his claims because he failed to exhaust his state court remedies. Specifically, after the Mississippi Court of Appeals denied his appeal, Carter did not file a motion for rehearing in the Court of Appeals or a petition for writ of certiorari to the Mississippi Supreme Court.

LAW AND ANALYSIS

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Section 2254 provides in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A).

Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In order to exhaust, prisoners must give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate review process prior to filing in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Generally, the prisoner must present his claims before the state's highest court in a procedurally proper manner. *Id.* The Mississippi Uniform Post-Conviction Collateral Relief Act provides an available procedure in state court. *See* Miss. Code Ann. § 99-39-1, *et seq.* Under Mississippi law, an appellant who is displeased with the decision of the Mississippi Court of Appeals must file a motion for rehearing with that court, and if the result of the rehearing proceeding is dissatisfactory, file a petition for writ of certiorari with the Mississippi

Supreme Court to obtain review of the Court of Appeals decision.  *See* Miss. R. App. P. 17(b).

While an appellant has no right to review, he or she has the right to seek review.  *See, e.g., Cohen v. State,* 732 So.2d 867, 871 (Miss. 1999).  In this case, Carter failed to file a petition for writ of certiorari.  His failure to seek discretionary review with the Mississippi Supreme Court renders his claims unexhausted.  *See, e.g., Richardson v. Procunier,* 762 F.2d 429, 431 (5th Cir. 1985) (rejecting argument that discretionary appeal to state supreme court is unnecessary for the purpose of exhausting state remedies); *see also O'Sullivan,* 526 U.S. at 845 (holding that state prisoner must present his claims to state supreme court in a petition for discretionary review when that review is part of the state's ordinary appellate review).  The time to seek certiorari review has long expired.  *See* Miss. R. App. P. 17(b) (requiring petition for writ of certiorari to be filed within fourteen days from the date of entry of the judgment by the Court of Appeals on the motion for rehearing).  Therefore, a return to state court would be fruitless in this case.

Because Carter's state court remedies were rendered unavailable by his own failure to properly exhaust his claims, he has procedurally defaulted his claims for purposes of federal habeas review.  *See Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust his state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for

-4-

purposes of federal habeas corpus relief."). However, a federal court "may resurrect a defaulted claim, and consider its merits" under two narrow exceptions: cause and actual prejudice or miscarriage of justice. *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2005).

Carter has not attempted to argue any external "cause" for his default; he states "I'm proceeding Pro Se; I didn't know!" (Pet. 6 (¶11(e)), ECF No. 1). Carter's lack of knowledge of state habeas requirements is insufficient to obtain federal review of his claims. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991) ("'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [.]"). Nor does the Court find that failure to address the claims would result in a miscarriage of justice. The miscarriage of justice exception is confined to cases of actual innocence "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). Carter's claims concern his objections to the length of his sentence. He does not contend or provide evidence that as a factual matter he is innocent of murder. Without any evidence to show that Carter meets the miscarriage of justice exception, the Court finds it inapplicable. For these reasons, Carter's petition should be dismissed.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that the Petitioner's Application for Writ of Habeas Corpus pursuant to Title 28, United

States Code, Section 2254, be denied and this case dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the objections must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.

**SIGNED**, this the 8th day of December, 2015.

                                                           _s/ John C. Gargiulo_
                                                           JOHN C. GARGIULO
                                                           UNITED STATES MAGISTRATE JUDGE